IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JULIE ANN TREGO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:15-cv-00182-O |
| | § | |
| NANCY A. BERRYHILL, ACTING | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | | |

## ORDER

The United States Magistrate Judge issued a Report and Recommendation ("R&R") (ECF No. 22) in this case. The Magistrate Judge recommended that the decision of the Commissioner of Social Security be affirmed and the complaint be dismissed with prejudice. Plaintiff Julie Ann Trego filed objections. *See* Pl.'s Obj., ECF No. 23. The Court has conducted a de novo review of those portions of the proposed findings and conclusions to which an objection was made. Having reviewed the objections, the applicable law, and the record, the Court finds the R&R in this case should be and is hereby **ADOPTED**.

I.  **BACKGROUND**

This factual recitation is taken from the R&R in this case. R&R 1–3, ECF No. 22. Trego filed applications for disability insurance benefits and supplemental security income on May 20, 2010. Those applications were denied initially on October 28, 2010 and after reconsideration on March 1, 2011. Plaintiff requested a hearing, which was held before an Administrative Law Judge on April 3, 2012. The ALJ issued a decision on June 19, 2012, finding Plaintiff was not disabled. Plaintiff applied to the Appeals Council for review, and her claim was remanded for further

1

consideration on November 13, 2013. An ALJ held a second hearing on April 7, 2014, and issued a decision on July 22, 2014, again determining Plaintiff was not disabled. Plaintiff applied to the Appeals Council, which denied review on January 7, 2015. Therefore, the second ALJ's decision is the Commissioner's final decision and properly before the Court for review.

On April 4, 2017, the Magistrate Judge issued its R&R recommending that the Commissioner's decision be affirmed and Plaintiff's case dismissed. Plaintiff now objects, arguing the Magistrate Judge erred in finding: (1) the ALJ considered the effects of Plaintiff's fibromyalgia; (2) the ALJ properly evaluated the opinions of her treating psychiatrist, nurse practitioner, and consultative examining physician; and (3) the ALJ complied with 20 C.F.R. § 404.1529 in evaluating Plaintiff's symptoms. Pl.'s Obj., ECF No. 23. The Court now considers de novo those portions of the R&R to which Trego objects.

## II. LEGAL STANDARDS

Judicial review of the Commissioner's denial of benefits is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner applied proper legal standards in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); 42 U.S.C. §§ 405(g), 1383(c)(3). In applying the substantial evidence standard, the reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather, scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236. "The Commissioner, not the court, has the duty to weigh the evidence, resolve material conflicts in the evidence, and make credibility choices." *Carrier v. Sullivan*, 944 F.2d 105, 109 (5th Cir. 1991).

The Social Security Administration uses a five-step process to determine whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(4). The steps are followed in order, and if at

2

any step the Commissioner determines that the claimant is disabled or not disabled, the evaluation does not go on to the next step. *Id.* The five steps consider: (1) whether the claimant is engaged in substantial gainful activity; (2) the medical severity of the claimant's impairments; (3) whether the claimant's medical impairment or combination of impairments meets or medically equals the criteria listed in the Listing of Impairments; (4) the claimant's residual functional capacity and past relevant work; and (5) whether the combination of the claimant's residual functional capacity, age, education, and work experience allow for adjustments to be made to permit the claimant to work. *See id.* If the impairment is severe but does not meet or equal a listed mental impairment, then the Commissioner must conduct a residual functional capacity assessment. *Id.*; § 404.1520a(d)(3).

The scope of judicial review of a decision under the supplemental security income program is identical to that of a decision under the social security disability program. *Davis v. Heckler*, 759 F.2d 432, 435 (5th Cir. 1985). Moreover, the relevant law and regulations governing the determination of disability under a claim for disability insurance benefits are identical to those governing the determination under a claim for supplemental security income. *See id.* Thus, the Court may rely on decisions in both areas without distinction in reviewing an ALJ's decision. *See id.*

### III. ANALYSIS

The Court considers each of Plaintiff's objections in turn.

#### A. The ALJ Considered the Effects of Plaintiff's Fibromyalgia

Plaintiff argues that, while Defendant implicitly conceded that the ALJ erroneously found Plaintiff did not have the medically determinable impairment of fibromyalgia, the Magistrate Judge incorrectly concluded that such error was harmless. Pl.'s Obj. 1–2, ECF No. 23. She

contends there is no indication the ALJ considered Plaintiff's fatigue, caused by her fibromyalgia, and this legal error requires remand. *Id.* Having reviewed the record de novo, the Court concludes that any alleged error in failing to determine that Plaintiff has the medically determinable impairment of fibromyalgia was harmless.

Plaintiff is correct that the ALJ does not specifically discuss Plaintiff's fatigue; however, the record makes clear that the ALJ considered all of Plaintiff's subjective complaints alongside the remainder of the evidence and determined that the evidence from other medical sources was more credible regarding Plaintiff's capacity to work. ALJ's Decision 34, ECF No. 16-3. Plaintiff has not shown that had the ALJ determined that fibromyalgia was a medically determinable impairment, the ALJ would have given greater weight to Plaintiff's subjective complaints of fatigue and found a more restrictive RFC. *See Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) ("This court will not vacate a judgment unless the substantial rights of a party have been affected"). Therefore, the Court overrules this objection.

**B.     The ALJ Properly Evaluated the Opinions of the Treating Psychiatrist, Nurse Practitioner, and Consultative Examining Physician**

Plaintiff also argues that the ALJ failed to follow the applicable regulations in weighing the evidence of her treating psychiatrist and the nurse practitioner when he improperly assessed such opinions by only one measurement: "objective evidence." Pl.'s Obj. 2, ECF No. 23. Further, she argues the ALJ improperly rejected parts of the consultative examining physician's report that were favorable to the Plaintiff without providing a clear rationale for assignment of weight to the various parts of the report. *Id.* at 2–3. Having reviewed the record de novo, the Court finds that Plaintiff's objection should be overruled.

Contrary to Plaintiff's allegations, in considering the opinions of Plaintiff's treating

4

psychiatrist, the ALJ specifically addressed each of the factors required by 20 C.F.R. § 404.1527. ALJ's Decision 23–24, ECF No. 16-3. While the ALJ did not give similar factor-by-factor consideration to the nurse practitioner's opinions, the ALJ was not required to do so. SSR 09-03p states only that "the adjudicator generally should explain the weight given to opinions from [nurse practitioners] or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." SSR 06-03P (S.S.A. Aug. 9, 2006). The ALJ clearly explained the weight given to the nurse practitioner's testimony and the reasons for the decision. ALJ's Decision 27, ECF No. 16-3 ("[T]he opinion as to specific functional deficits the claimant may have is based upon a recitation of the claimant's subjective complaints to the family nurse practitioner, most of which were never verified upon objective examination by this – or any other – clinical source.").

Similarly, the ALJ provides a sufficient rationale for rejecting the opinion of Plaintiff's consultative examining physician that Plaintiff needed a walker. The ALJ explained his conclusion: "This doctor reported no objective observation indicating that the claimant had any lower extremity weakness, impaired balance or other neurological deficit which would corroborate this assertion, which appears to have been based solely on the claimant's subjective complaints." ALJ's Decision 17, ECF No. 16-3. Plaintiff fails to show why this conclusion lacks substantial evidence or otherwise constitutes legal error. Accordingly, Plaintiff's objection to how the ALJ weighed these medical opinions is overruled.

**C.    The ALJ Complied with 20 C.F.R. § 404.1529 in Evaluating Plaintiff's Symptoms**

Lastly, Plaintiff argues that the ALJ violated 20 C.F.R. § 404.1529 by rejecting Plaintiff's

description of her symptoms and limitations only because the objective medical evidence purportedly did not substantiate her account. Pl.'s Obj. 3, ECF No. 23. She contends that while the ALJ recited the factors he was required to consider, he did not truly apply the factors to her case. *Id.* Having reviewed the record, the Court concludes that Plaintiff has mischaracterized the ALJ's decision. As the Magistrate Judge correctly concluded: "[F]ar from finding only that Trego's subjective complaints about limitations . . . were invalid because there was no objective medical evidence, the ALJ noted which of the symptoms reported by Trego he felt were inconsistent with her testimony about her daily life . . . . The ALJ considered Trego's subjective complaints about pain and other symptoms, made a determination about which impairments may have caused those symptoms, and considered the subjective reporting of symptoms in the context of the record evidence as whole." R&R 14, ECF No. 22. The Court agrees. Accordingly, the Court overrules Plaintiff's third objection.

## IV. CONCLUSION

Having overruled each of Plaintiff's objections, the Court finds that the Magistrate Judge's R&R (ECF No. 22) should be and is hereby **ADOPTED** as its own. Accordingly, this case is hereby **DISMISSED with prejudice**.

**SO ORDERED** this **2nd day** of **August, 2017**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**